ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        FILED
       AUG 21 2012
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Bing.
```

| | |
|---|---|
| UNITED STATES OF AMERICA | INFORMATION |
| v. | 3:12-CR-420   (TJM) |
| | 18 USC 1344 [OneCount: Bank Fraud] |
| SCOTT LONZINSKI and LAURA CONARTON, Defendants. | [Broome County] |

**THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK CHARGES:**

## COUNT 1
## BANK FRAUD

1.  Beginning in or about July 2009, and continuing until in or about February 2011, in Broome County, in the Northern District of New York and elsewhere, the defendants,

**SCOTT LONZINSKI and
LAURA CONARTON,**

with intent to defraud, devised and executed a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody and control of the Broome County Teacher's Federal Credit Union ("BCT"), a financial institution whose accounts are insured by the National Credit Union Share Insurance Fund, by means of materially false and fraudulent pretenses, representations, and promises.

2.  During the time period set forth above, the defendants obtained a series of purportedly secured commercial loans from BCT by claiming ownership of, and pledging, collateral in the form of Certificates of Deposit ("CD's") having a value at least equal to the

amount of the loans sought from BCT. The total amount of loans sought and fraudulently obtained by the defendants from BCT was approximately fourteen million dollars ($14,000,000.00). The defendants were fully aware that the Certificates of Deposit never existed, including when the defendants used the non-existent CD's as collateral for the loans obtained by the defendants by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1344(2).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344 set forth in Count 1 of this Information, the defendants,

**SCOTT LONZINSKI and
LAURA CONARTON,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

## REAL PROPERTY

A.   **ALL THAT TRACT OR PARCEL OF LAND,** situate in the Township of Great Bend, County of Susquehanna and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING at a point in centerline of Township Road 821

and the Northwest boundary of the property now or formerly owned by Creative Window and Door, Inc., more particularly described in a deed from Sommerville Land Development, Inc. to Creative Window and Door, Inc. recorded in the Register of Deeds in Book of Deeds 567 at page 980;

**THENCE** along the centerline of Township Road 821 North 15° 48' 15" West a distance of 172.47 feet; thence on a curve to the right with a radius of 500.00' a distance of 294.32'; thence North 17° 45' 41" East a distance of 713.31' to the Northwest corner of the property conveyed; thence South 72° 14' 19" East a distance of 250.00' to a point; thence South 17° 45' 41" West a distance of 713.31' to a point; thence South 01° 58' 03" West a distance of 146.38'; thence South 15° 48' 15" East a distance of 291.74'; thence North 80° 06' 01" West a distance of 2560' to the point or place of beginning.

Said property consisting of 6.70 acres of land as surveyed by David Marnicki by survey dated September 16, 2002.

These premises are under and subject to a sixteen and one-half (16 ½) foot wide easement given to AT&T as recorded on January 16, 2009 as Susquehanna County Instrument Number 200900769.

**BEING** the same premises conveyed the Grantors herein by Deed of special warranty dated November 13, 2003 from Sommerville Land Development, Inc., recorded on November 13, 2003 in the Office of the Recorder of Deeds, Susquehanna County, Pennsylvania in Book 587 of Deeds at page 1013.

## **VEHICLES**

1. 2011 BMW X5, VIN #5UXZW0C59BL658686;

2. 2010 BMW 328XI, VIN #WBAPK5C5XAA649858;

3. 2009 Ford Shelby Mustang, VIN #1ZVHT88S995137322;

4. 2011 GMC Sierra 2500, VIN #1GT121E88BF124133;

5. 2011 GMC Sierra 2500, VIN #1GT121E8XBF130709;

6. 2011 Arctic Cat F-8, VIN # 4UF11SNW3BT12093;

7. 2011 Arctic Cat F-8, VIN #4UF11SNW8BT120777;

8. 2009 Chevrolet Silverado, VIN #1GCHK63629F148922

9. 2011 Peterbuilt 288, VIN #1NPWXBEX6BD124138

## BANK ACCOUNTS

1. $3,600,949.31 contained in bank account number XXXXXX6220 located at The Honesdale National Bank.

2. $715,691.97 contained in bank account number XXXXXX5405 located at The Honesdale National Bank.

3. $25,850.82 contained in bank account number XXXXXX6703 located at The Honesdale National Bank.

## CASH PROCEEDS

1. $40,000.00 Cash Proceeds

2. $20,000.00 Cash Proceeds

3. $13,000.00 Cash Proceeds

4. $492,141.00 Cash Proceeds

5. $125,000.00 Cash Proceeds

6. $135,000.00 Cash Proceeds

## MONEY JUDGMENT

A money judgment in the amount of $14,108,623.19, which represents the proceeds derived from one or more violations alleged in Count One of this Information. Any money accrued by the government either from the sale of assets identified in this Information or transferred to the government by defendant Lonzinski or defendant Conarton shall be counted against the total value of this money judgment.

## SUBSTITUTE ASSETS

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:
    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third party,
    (c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

Dated: August 21, 2012        By: _____
                              Thomas P. Walsh
                              Assistant U.S. Attorney
                              Bar Roll No. 102777